Filed 3/21/13  P. v. Oropeza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046898 |
| v. | (Super. Ct. No. 10CF1427) |
| OCTAVIO OROPEZA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Octavio Oropeza on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court no issues were found to argue on his behalf. Oropeza was given 30 days to file written argument on his own behalf. That period has passed, and we have received no communication from him.

Counsel did not provide this court with any specific information to assist us with our independent review pursuant to *Anders v. California* (1967) 386 U.S. 738. We have reviewed the information provided by counsel and have independently examined the record. We found no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm the judgment.

## FACTS

An information charged Oropeza with three counts of second degree robbery in violation of Penal Code[1] sections 211 and 212.5, subdivision (c) (counts 1, 2, and 3), and one count of possession of ammunition by a minor in violation of section 12101, subdivisions (b)(1), and (c)(1)(C).[2] As to counts 2 and 3, the information alleged Oropeza personally inflicted great bodily harm pursuant to section 12022.7, subdivision (a). In exchange for a three-year prison sentence and the dismissal of all other counts and the enhancement, Oropeza pled guilty to one count of robbery in violation of section 211.

Before accepting the plea, the trial court advised Oropeza of his constitutional rights. The court accepted Oropeza's plea and found Oropeza had entered a voluntary, intelligent, knowing, and express waiver of his constitutional rights. The court also found there was a factual basis for the plea. Defense counsel joined in the plea

---

[1]     All further statutory references are to the Penal Code.

[2]     Section 12101 was repealed and continues without substantive change in section 29650.

2

and waivers. The court continued sentencing for two weeks to allow Oropeza to put his affairs in order before turning himself in.

When Oropeza returned two weeks later, the court imposed the agreed upon three-year prison sentence. The court awarded Oropeza 90 days of credit for time served and 13 days of conduct credit. The court also imposed a restitution fine in the amount of $200, and suspended a parole revocation fine in the amount of $200. The court dismissed all other counts and the enhancement. On the prosecutor's motion, the trial court dismissed two misdemeanors.

DISCUSSION

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." Oropeza failed to obtain a certificate of probable cause as required by section 1237.5. Accordingly, he is not entitled to a review of the validity of his plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 675.)

A certificate of probable cause is not required when the notice of appeal states, as this one does, that the appeal is based upon the sentence or other matters occurring after the plea that do not affect the validity of the plea. Therefore, we have reviewed the whole record focusing upon grounds for appeal arising after entry of the plea. Having done so, we conclude there is no arguable issue on appeal.

## DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.

4